IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| HRB TAX GROUP, INC., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 4:12-CV-00501-BCW |
| ) | |
| NATIONAL UNION FIRE INSURANCE ) | |
| COMPANY OF PITTSBURGH, PA, ) | |
| ) | |
| Defendant. ) | |

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Before the Court is Defendant's Motion to Dismiss, Stay or Transfer (Doc. #5). Defendant National Union Fire Insurance Company of Pittsburgh, PA ("National Union") seeks to dismiss or stay this matter pursuant to the "first-filed" rule. Alternatively, National Union seeks to transfer this matter to the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. § 1404(a), for consolidation with the pending litigation in New York. If the Court denies National Union's motion to dismiss, stay, and transfer, then National Union seeks to dismiss Plaintiffs' claim for vexatious refusal to pay pursuant to Fed. R. Civ. P. 12(b)(6). The ultimate issue raised is whether this action should proceed in the face of an action pending in the United States District Court for the Southern District of New York.

The Court being duly advised of the premises, for good cause shown, having carefully considered the parties' arguments as presented in the pleadings and at the hearing, and for the reasons stated below, grants National Union's motion to dismiss pursuant to the first-filed rule. Due to the dispositive nature of this ruling, the Court will not address the merits of National Union's motion to transfer or to dismiss Plaintiffs' claim for vexatious refusal to pay.

- 1 -

## BACKGROUND

On February 29, 2012, National Union filed suit in the United States District Court for the Southern District of New York against H&R Block, Inc. seeking declaratory judgment of its obligations regarding insurance coverage ("New York lawsuit").[1] Then on March 2, 2012, HRB Tax Group, Inc. and H&R Block Tax Services LLC (collectively "H&R Block") filed this action in the Circuit Court of Jackson County, Missouri. H&R Block seeks declaratory judgment of its rights and National Union's obligations regarding insurance coverage, and H&R Block also alleges damages against National Union for vexatious refusal to pay and for breach of contract.

On March 29, 2012, National Union amended its Complaint in the New York lawsuit to add HRB Tax Group, Inc. and H&R Block Tax Services LLC as defendants. The New York lawsuit is ongoing in the United States District Court for the Southern District of New York, and the parties are engaging in limited discovery regarding the issue of personal jurisdiction over H&R Block, Inc. and H&R Block Tax Services LLC.

National Union removed this action from the Circuit Court of Jackson County, Missouri to this Court on May 2, 2012, and National Union filed the present motion on May 9, 2012. On August 29, 2012, the Court held a pretrial conference and heard argument by the parties on this motion. H&R Block appeared by counsel, Kirk A. Pasich and Stacey R. Gilman. National Union appeared by counsel, Traci M. Ribeiro and Alan K. Goldstein.

In its motion, National Union asks the Court to dismiss or stay this action pursuant to the first-filed rule alleging the United States District Court for the Southern District of New York has priority to consider and adjudicate the claims in this action. National Union argues this

---

[1] Complaint, National Union Fire Ins. Co. of Pittsburgh, PA v. H&R Block, Inc., et al., No. 1:12-CV-01505 (S.D.N.Y. Feb. 29, 2012), ECF No. 1. The New York lawsuit arises from an insurance policy issued by National Union and whether a previously settled lawsuit by Jackson Hewitt, Inc. against H&R Block, Inc., HRB Tax Group, Inc., and H&R Block Tax Services LLC is covered by the insurance policy.

action is parallel to the previously-filed New York lawsuit, no exceptions to the first-filed rule apply, and, to preserve judicial resources and avoid inconsistent results, this action should be dismissed or stayed while the New York lawsuit proceeds. In response, H&R Block argues the two actions do not qualify as "parallel litigation," so the first-filed rule does not apply. In support, H&R Block contends the two actions involve different parties and address different issues. H&R Block also argues even if the actions constitute "parallel litigation," then the first-filed rule does not apply because countervailing factors warrant departure from the rule.

## MOTION TO DISMISS PURSUANT TO THE FIRST-FILED RULE

In analyzing the current motion, the Court will determine whether the New York lawsuit is "parallel" to the litigation taking place in this Court, which litigation was "first-filed" within the meaning of the first-filed rule, and whether an exception to the rule is applicable.

With respect to cases of concurrent jurisdiction, "the first court in which jurisdiction attaches has priority to consider the case." Orthmann v. Apple River Campground, Inc., 765 F.2d 119, 121 (8th Cir. 1985) (citation omitted). United States Fire Insurance Company v. Goodyear Tire & Rubber Company discusses the applicable standards for determining this motion as well as discussing what has come to be known as the "first-filed" rule. 920 F.2d 487, 488-89 (8th Cir. 1991). The well-established first-filed rule "gives priority, for purposes of choosing among possible venues when parallel litigation has been instituted in separate courts, to the party who first establishes jurisdiction." Nw. Airlines, Inc. v. Am. Airlines, Inc., 989 F.2d 1002, 1006 (8th Cir. 1993) (citing Goodyear, 920 F.2d at 488).

Although the first-filed rule is a relatively firm rule, it "is not intended to be rigid, mechanical, or inflexible." Orthmann, 765 F.2d at 121 (citation omitted). The rule's intent is to conserve judicial resources and avoid conflicting rulings and it is to "be applied in a manner best

serving the interests of justice." Nw. Airlines, Inc., 989 F.2d at 1006 (citing Goodyear, 920 F.2d at 488).

## I. PARALLEL LITIGATION

The initial question this Court must decide is whether the New York lawsuit is "parallel" to the litigation taking place in this Court. "There is little guidance in the Eighth Circuit as to what constitutes 'parallel' litigation." Pace Constr. Co. v. Travelers Cas. & Sur. Co. of Am., 259 F. Supp. 2d 934, 937 (E.D. Mo. 2003) (citation omitted).

"Parallel litigation" is not limited in application to litigation involving only the same parties and the same claims. Id. ("This court concludes that the concurrent proceedings are parallel because, despite Pace's arguments to the contrary, the parties' interests in each case are clearly aligned and the issues, though not identical, are substantially similar."). While the two cases do not have to be identical to one another, they must have issues that substantially overlap. Monsanto Tech. LLC v. Syngenta Crop Prot. Inc., 212 F. Supp. 2d 1101, 1103 (E.D. Mo. 2002) (citation omitted).

In the instant case, the parties in the two actions in question are nearly, but not quite, identical. H&R Block, Inc. is currently a party in the New York lawsuit but not a party in this action. All other parties in the New York lawsuit are parties in this action.

Furthermore, the two actions involve substantially similar issues. The parties dispute how much duplication of discovery, documentary evidence, and witness testimony will occur if the two cases proceed in separate district courts, yet, the parties recognize the two lawsuits center on the same subject matter. In fact, each party seeks to invoke the first-filed rule to preserve its lawsuit at the expense of the opponent's suit.[2] After careful consideration of the parties'

---

[2] H&R Block, Inc., HRB Tax Group, Inc., and H&R Block Tax Services LLC filed a motion to dismiss the amended complaint in the New York lawsuit arguing, in part, the case should be dismissed pursuant to the first-filed rule. See

- 4 -

respective arguments, the Court finds substantial overlap of issues between the cases. Even though this action involves additional claims for breach of contract and vexatious refusal to pay that are not present in the New York lawsuit, the heart of both lawsuits is a declaratory judgment of each party's rights and obligations related to insurance coverage under the same insurance policy and circumstances. Ultimately, either court will be required to look at the same documents and circumstances and refer to and apply the same legal principles before arriving at a determination as a matter of law. The United States District Court for the Southern District of New York can afford the same relief available in this forum. For these reasons, the Court concludes the two actions are parallel litigation. Finding this, the Court must now address which lawsuit was "first-filed" within the meaning of the first-filed rule.

## II. The First-Filed Action

The Eighth Circuit has not given a clear answer to the question of whether the first-filed rule is triggered by the filing of a complaint, which initiates the lawsuit, or by service of process, which asserts the court's jurisdiction over the parties. Among the circuits, there appears to be a split of authority on the issue of whether filing the complaint or service of process governs. The Ninth and Second Circuits have held the filing of the complaint is the determinative event for purposes of the first-filed rule. Pacesetter Sys., Inc. v. Medtronic, Inc., 678 F.2d 93, 96 n.3 (9th Cir. 1982); Interwood Mktg., Ltd. v. Media Arts Int'l, Ltd., No. 90 Civ. 4690, 1990 U.S. Dist. LEXIS 16747, at *8-9 (S.D.N.Y. December 12, 1990). The Third Circuit has held service of process is the determinative event. Omni-Exploration, Inc. v. McGookey, 520 F. Supp. 36, 37 (E.D. Pa. 1981); see also Osteotech, Inc. v. GenSci Regeneration Sci., 6 F. Supp. 2d 349, 357 n. 4 (D.N.J. 1998).

---

Defendants' Motion To Dismiss Plaintiff's Amended Complaint, National Union Fire Ins. Co. of Pittsburgh, PA v. H&R Block, Inc., et al., No. 1:12-CV-01505 (S.D.N.Y. May 29, 2012), ECF Nos. 18 and 24.

- 5 -

In the Eighth Circuit, "the first court in which jurisdiction attaches has priority to consider the case." Orthmann, 765 F.2d at 121 (citation omitted). In the Eight Circuit, "it is implied that it is the filing, not service, of a complaint that results in the attachment of jurisdiction." Marietta Campbell Ins. Group, LLC v. Jefferson-Pilot Life Ins. Co., No. 2:07-CV-32, 2007 U.S. Dist. LEXIS 79075, at *6 (D.N.D. Oct. 24, 2007); see also Twin Cities Gaming Supplies, Inc. v. FortuNet, Inc., No. 09-2290, 2010 U.S. Dist. LEXIS 5317 (D. Minn. Jan. 25, 2010). Furthermore, in response to a question posed by the Court during the pretrial conference on August 29, 2012, each party represented the law in the Eighth Circuit is the filing of a complaint triggers the first-filed rule.

Here, the Complaint in the New York lawsuit was filed two days before the Complaint in this action was filed with the Circuit Court of Jackson County, Missouri. Thus, the New York lawsuit is the first-filed action notwithstanding the fact the Complaint in the New York lawsuit was amended after the Complaint in this action was filed. The next issue before the Court is whether H&R Block has shown an applicable exception to the first-filed rule to justify departing from the rule.

### III. EXCEPTIONS TO THE FIRST-FILED RULE

#### A. Balance of Convenience

One exception to the first-filed rule is known as the balance of convenience exception, which can be analogized to the convenience factors under 28 U.S.C. § 1404(a). See Monsanto Tech. LLC, 212 F. Supp. 2d at 1104 (citation omitted). Analysis under § 1404(a) requires the Court to weigh a number of factors, including the convenience of the parties and witnesses, and the interests of justice. See 28 U.S.C. § 1404(a).

The Court finds no reason to depart from the first-filed rule in this case. The Court has

weighed the relevant factors argued by the parties and finds the balance does not weigh heavily in either party's favor. While there is a strong judicial preference for permitting a plaintiff to choose its forum, the Court is convinced there is no real difference in convenience between litigating this matter in New York or in Missouri. Thus, the balance does not prevent application of the first-filed rule.

### B. Compelling Circumstances

Another exception to the first-filed rule is a finding of compelling circumstances. <u>Nw. Airlines, Inc.</u>, 989 F.2d at 1005. H&R Block argues National Bank filed the New York lawsuit as an anticipatory forum shopping maneuver and, thus, should not be entitled to first-filed status.

This Court finds H&R Block's argument without merit and finds no basis for departing from the first-filed rule. While "red flags" are raised by the facts that National Union filed the New York lawsuit after H&R Block gave notice of their intention to sue and the New York lawsuit seeks declaratory relief rather than damages or equitable relief, "the Court is to ask whether there is a reason for requesting the relief other than obtaining a favorable forum." <u>Eveready Battery Co. v. L.P.I. Consumer Prods.</u>, 464 F. Supp. 2d 887, 890 (E.D. Mo. 2006) (citation omitted).

There is no record of misleading or egregious actions taken by National Union. Here, both lawsuits seek declaratory judgment of the parties' rights and obligations regarding insurance coverage under the identical insurance policy and circumstances. The dispute over the insurance coverage arises from a lawsuit previously litigated in the United States District Court for the Southern District of New York. In the underlying litigation, Jackson Hewitt, Inc. filed suit against H&R Block and the matter settled before trial. National Union previously issued a commercial umbrella liability insurance policy to H&R Block, and the parties dispute whether

- 7 -

coverage exists under the insurance policy for the underlying, settled litigation. Since the dispute at issue both in this matter and the New York lawsuit arises from an underlying lawsuit litigated in the United States District Court for the Southern District of New York, National Union has a justifiable reason for seeking relief in the United States District Court for the Southern District of New York.

Therefore, the Court concludes neither the exceptions of convenience nor compelling circumstances exist to prevent application of the first-filed rule. The Court holds the first-filed rule is applicable to this action and, therefore, finds dismissal is appropriate.

## CONCLUSION

Jurisdiction over this dispute attached first in the United States District Court for the Southern District of New York pursuant to the first-filed rule. A waste of judicial resources and an unnecessary risk of inconsistent rulings may result from litigating the same issues in two courts. The interests of justice are best served by dismissing this matter pursuant to the first-filed rule, and there are no countervailing factors to warrant a departure from the rule. Accordingly, it is hereby

ORDERED Defendant's Motion to Dismiss, Stay or Transfer (Doc. #5) is GRANTED pursuant to the first-filed rule. It is further

ORDERED this matter shall be dismissed without prejudice.

IT IS SO ORDERED.


DATED: <u>September 21, 2012</u>

                                          /s/ Brian C. Wimes
                                          JUDGE BRIAN C. WIMES
                                          UNITED STATES DISTRICT COURT